IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL No. 24-54 |
| | : | |
| ANTHONY RANDALL | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Anthony Randall appears before this Court having pleaded guilty to two counts of robbery which interferes with interstate commerce, in violation of 18 U.S.C. §1951(a) and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Mr. Randall fully accepts responsibility for his actions and respectfully requests that this Court consider all arguments and information provided herein. Specifically, Mr. Randall requests the Court accept and approve the plea agreement and sentence jointly proposed by the government and Mr. Randall pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), and sentence him accordingly, to a period of 25 years and 19 days imprisonment followed by a 5-year period of supervised release. Such a sentence is sufficient but not greater than necessary to meet the statutory considerations of 18 U.S.C. § 3553 and therefore appropriate in this case.

I.     **Factual and Procedural History**

On February 8, 2024, a grand jury sitting in the Eastern District of Pennsylvania returned the instant indictment. On March 25, 2025, Mr. Randall appeared before this Court and pleaded guilty, fully accepting responsibility for his actions. Mr. Randall admitted not only to the acts alleged in the indictment, but a significant amount of relevant conduct, sparing the government the need to seek a superseding indictment. Mr. Randall is scheduled for sentencing July 8, 2025.

## II. Sentencing Guideline Calculation and Objection

Mr. Randall does not have any objections to the calculations contained in the Pre-Sentence Investigation Report (PSR). He agrees the appropriate adjusted offense level is 31, and the criminal history is correctly calculated to be CHC II. Mr. Randall further agrees with the PSR and the government that his offense level should be reduced by a total of 3 for his timely acceptance of responsibility.

## III. Mr. Randall's Personal History

Mr. Randall had an exceptionally difficult upbringing. He barely knows – and has never had a relationship with – his biological mother. His father struggled to make ends meet and effectively abandoned Mr. Randall, leaving him in the care of his grandmother and moving to Florida, rarely coming to see his son. He suffered physical, emotional and sexual abuse as a child, and now suffers from depression, anxiety and PTSD. Once as a child, and several times as an adult, Mr. Randall attempted suicide. He has long abused drugs and alcohol, and has suffered a gambling addiction at times as well. However, not all hope is lost for Mr. Randall. During his prior period of incarceration, he achieved his GED, and crucially, he has the love and support of family members.

## IV. Application of the 18 U.S.C. § 3553(a) Factors and the Impact of the Plea Agreement

In determining an appropriate sentence, the Court must take the advisory Guideline range into account but must follow the overriding principle and basic mandate of § 3553(a) to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in Section 3553(a)(2). Here, a sentence of 25 years and 19 days is wholly sufficient to reflect the gravity of Mr. Randall's conduct and provide just punishment. Mr. Randall

freely acknowledges the seriousness of his criminal conduct and has no interest in nor intention of reoffending.

Moreover, the agreed-upon sentence is sufficient to protect the public and deter Mr. Randall from engaging in any similar conduct in the future. A sentence of 25 years – consecutive to the remainder of an earlier long sentence - will be a strong deterrent to Mr. Randall and will serve to protect the community at large for the foreseeable future. Mr. Randall is 39 years old. By the time of his release, he will be well over 60 years old. Mr. Randall will thus be in the age bracket with the lowest likelihood of recidivism and violence according to the United States Sentencing Commission. See *Recidivism Among Federal Offenders: A Comprehensive Overview* (Mar. 2016). As the Sentencing Commission has noted, it is "now a truism that age is one of the strongest factors associated with criminal behavior." *Id.* at 33 n.56; *see also* Peter Hoffman & James Beck, The Origin of the Federal Criminal History Score, 9 Fed. Sent'g Rep. 192, 193-94 (Feb. 1, 1997) (explaining how Chapter Four's methodology for scoring prior convictions was specifically designed to reflect declining recidivism with age), available at 1997 WL 725695.

Notably, Mr. Randall's age cohort is one for which the drop-off in recidivism is precipitous. *See Recidivism Among Federal Defenders* at 23 fig.11. As clearly illustrated by the Sentencing Commission's bar graph, there is an especially pronounced decline in recidivism between persons sentenced at age 36 and 40, as Mr. Randall is now at the time of his sentencing, and persons released at ages older than 60, as Mr. Randall will be. *Id.* (recidivism rate of 47.4 percent for persons sentenced at age 36 to 40, as compared with 16 percent for persons released at ages older than 60).

For all these reasons, the parties negotiated and entered into an agreement pursuant to

3

Fed. R. Crim. Pro. 11(c)(1)(C). Neither party to a criminal case enters into any plea agreement lightly. Both defendants and the government enter into such agreements only after careful and thorough consideration of all the circumstances of the case, including any statutory maximum and mandatory minimum penalties; the advisory Sentencing Guidelines range as estimated by the parties; the § 3553 factors; each side's litigation risks; and of course, the benefits inherent in avoiding a trial. Where the agreement is, as in this case, made pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), the considerations are even greater. Here, the defendant offers the government the certainty and finality of a conviction in exchange for the certainty of a specific sentencing recommendation both the government and the defendant consider to be reasonable and sufficient to advance the §3553 considerations. Mr. Randall has agreed to, in effect, give up all of his forties and fifties, to accept the government's agreement for a downward variance, but still significant period of time. Mr. Randall made this decision only after considerable reflection and many lengthy meetings and calls with his counsel. The government, too, weighed all the factors carefully in extending this offer, as such agreements can only be entered into after several levels of internal review and approval.

## V.    Conclusion

For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Anthony Randall respectfully requests this Court impose a sentence of 25 years and 19 days imprisonment followed by 5 years of supervised release.

    Respectfully submitted,

    */s/ Michael B. McCrossen*
    MICHAEL B. MCROSSEN
    Assistant Federal Defender

**CERTIFICATE OF SERVICE**

I, Michael McCrossen, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, Federal Court Division Defender Association of Philadelphia, hereby certify that I have electronically filed and served a copy of the attached Defendant's Sentencing Memorandum via Electronic Case Filing notification upon Amanda Reinitz and Michael Miller, Assistant United States Attorneys.

*/s/ Michael B. McCrossen*
MICHAEL B. McCROSSEN
Assistant Federal Defender

DATE:   July 1, 2025